### FRED HALL v. THE STATE.

No. 4392. Decided February 10, 1909.

**1.—Same—Forgery—Indictment—Innuendo and Explanatory Averments.**

In a prosecution for attempting to pass a forged instrument where the indictment, after setting out the alleged forged instrument, contained the necessary innuendo and explanatory averments, and alleged sufficiently the name of the person whose name is charged to have been forged or intended to be forged, the same was sufficient.

**2.—Same—Continuance—Bill of Exceptions.**

Where no bill of exceptions was reserved to the refusal of the court to grant a continuance, the same can not be considered on appeal.

**3.—Same—Charge of Court—Construction of Document.**

Upon trial for passing a forged instrument, the court correctly charged the jury on forgery that if the instrument was made by some person who had no authority to sign the name of R. W. Smith with the intent to sign said R. W. Smith's real name, but who by mistake as to R. W. Smith's initials wrote C. W. Smith instead of R. W. Smith, without any authority to use the name C. W. Smith, and the said instrument was so made and signed with intent to defraud then the instrument was a forgery. This was not a charge on the weight of the evidence.

**4.—Same—Sufficiency of the Evidence.**

In cases of conflict in the evidence it is the province of the jury to settle and determine the question.

Appeal from the District Court of Navarro. Tried below before the Hon. L. B. Cobb.

Appeal from a conviction of attempting to pass a forged instrument; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Jack & Jack,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an attempt to pass as true a forged instrument, his punishment being assessed at three years confinement in the penitentiary.

It seems that the conviction occurred under the fifth count in the indictment. The instrument sought to be passed reads as follows: "Mr. Celey: Please let this boy have a watch and I will settle for it. C. W. Smith." Then follows explanatory and innuendo averments explaining that Mr. Celey as spelled, meant Mr. M. W. Seely, a

merchant who was in business at Richland; and among other things sold watches, and that the instrument was intended as an order on M. W. Seely for the sale of a watch. By the expression "this boy" as contained in the instrument meant, and the writer thereof intended to mean and refer to said Fred Hall, bearer of said order. By the expression, "I will settle for it," is meant and the writer thereof intended it to mean and say: "I will pay you for the value of the said watch," thereby meaning that he whose name was signed to said order obligated himself to pay M. W. Seely for the watch then and there to be sold and delivered to said Fred Hall. That C. W. Smith was intended to stand for and mean and represent the name of R. W. Smith and that the maker of the instrument did in fact intend to sign the name of R. W. Smith to said order, but that through ignorance of the correct initial of the said R. W. Smith, the name of C. W. Smith was signed thereto. And the grand jurors further allege it to be a fact that the maker of said false instrument intended it to be the act of R. W. Smith and thereby intended said order to mean that he, the said R. W. Smith, obligated himself to pay the said M. W. Seely for a watch to be the one there sold and delivered to said Fred Hall by said Seely on the faith and credit of the said R. W. Smith.

It is contended in the motion to quash, that this count is not sufficiently explicit in its innuendo and explanatory averments. We are of opinion that it is, and that it does allege sufficiently the name of the person whose name is charged to have been forged or intended to be forged. We deem it unnecessary to go into anything like an elaborate discussion of this count, but we are of opinion that it is sufficient.

Appellant applied for a continuance. This alleged error can be disposed of by stating that a bill of exceptions was not reserved to the ruling of the court refusing to continue the case. Without a bill of exception the court's action in refusing the continuance will not be revised.

The court gave the following charge: "If the instrument was made by some person who had no authority to sign the name of R. W. Smith with the intent to sign his, R. W. Smith's real name, but who by mistake as to R. W. Smith's initials wrote C. W. Smith instead of R. W. Smith, without any authority to use the name, C. W. Smith, and if said instrument was so made and signed with intent to defraud then the instrument was a forgery." We do not believe appellant's contention that this was a charge on the weight of evidence is correct, nor does this presume that the order was forged by somebody as is urged. If the instrument was made by somebody without authority and with intent to defraud and the name of C. W. Smith was signed in place of R. W. Smith, the intention being to sign R. W. Smith's name, the court would be correct in so informing the jury. It was simply a construction of the document and not an invasion of the province of the jury in regard to matters of evidence. An instrument signed under such circumstances stated would constitute

forgery, and the court would have authority to inform the jury of the legal effect of such instrument. Of course, the court would have no authority to tell the jury that appellant signed it, but he was authorized to tell the jury if it was signed under the circumstances, that its legal effect would be forgery. It was a very serious question under the facts as to the guilt of appellant; that is, it was a very serious question whether appellant was the negro who undertook or attempted to pass the instrument. The State's evidence, however, was sufficient to identify him as the party. In cases of conflict in the evidence it is the province of the jury to settle and determine the question, and, therefore, we do not feel justified or authorized to set aside this conviction on account of this conflict.

As the record presents the case here, we are of opinion the judgment will have to be affirmed, and it is accordingly so ordered.

*Affirmed.*